IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRIETTA JOAN BOHLING, | ) | 8:12CV57 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED OF OMAHA LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court on Plaintiff's Motion for New Trial, which the court liberally construes as a Motion for Relief Under Federal Rule of Civil Procedure 60(b). (Filing No. 17.) In response to this Motion, Defendant has filed a Reply Brief along with an Index of Evidence in Support. (Filing Nos. 18 and 19.) For the reasons discussed below, Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure 60(b) is denied.

  On June 14, 2012, the court granted Defendant's Motion for Summary Judgment and entered Judgment against Plaintiff. (Filing Nos. 15 and 16.) In doing so, the court noted that Plaintiff had failed to respond to Defendant's Motion. (Filing No. 15 at CM/ECF p. 2.) Plaintiff now states that she did not respond because she did not get a copy of Defendant's Summary Judgment Brief. (Filing No. 17.) She also states that Defendant removed this matter from the District Court of Lancaster County, Nebraska, without her consent. (*Id.*)

  Liberally construed, Plaintiff seeks relief from the court's Judgment pursuant to Fed. R. Civ. Pro. 60(b)(6). (Filing No. 17.) Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The court has carefully reviewed Plaintiff's Motion. Plaintiff has not set forth any "exceptional circumstances" that prevented her from fully litigating her claims or receiving adequate redress. Contrary to her assertion, Plaintiff did receive a copy of Defendant's Summary Judgment Brief. (*See* Filing No. 18-1 and 18-2.) Further, because Plaintiff failed to file a motion to remand within 30 days of removal, she waived any claim that she may have had to remand this case to Lancaster County. *See* 28 U.S.C. § 1447(c) (stating "a motion to remand case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal").[1] Accordingly, Plaintiff's Motion for New Trial, liberally construed as a Motion for Relief Under Rule 60(b), is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial (filing no. 17), liberally construed as a Motion for Relief Under Rule 60(b), is denied.

DATED this 18th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

[1] Plaintiff's claims were governed by the Employee Retirement Income Securities Act of 1974 ("ERISA"). (Filing No. 1.) *See also* 29 U.S.C. § 1001. As such, this court had original jurisdiction over this lawsuit. *See* 28 U.S.C. § 1331.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.